# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TABARRI TOWNSEND,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ROBERT NEUSCHMID,<br><br>　　　　Respondent. | Case No.  1:22-cv-00590-SKO (HC)<br><br>ORDER REGARDING PETITIONER'S MOTION TO UNSEAL DOCUMENTS<br><br>[Doc. 13] |

　　　　Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　On June 23, 2022, Respondent lodged the state court record in this case. (Doc. 12.) Respondent noted that two confidential documents, not pertinent to the claims raised by Petitioner, were not included in the lodging: a transcript of a hearing conducted pursuant to People v. Marsden, 2 Cal.3d 118 (1970) and Petitioner's probation report.  On July 1, 2022, Petitioner filed a request that Respondent unseal and lodge the two documents. (Doc. 13.)

　　　　On July 19, 2022, Respondent complied with Petitioner's request by lodging a copy of the Marsden transcript in the public record. (Doc. 15.)  However, Respondent did not lodge a copy of the confidential probation report.  Respondent states that he will lodge the probation report and serve a copy on Petitioner but requests that the document be placed under seal because it contains personal information which should not be subject to public view.  (Doc. 16.)

1

1  Insofar as Respondent has complied with Petitioner's request to lodge a copy of the
2  Marsden hearing in the public record, Petitioner's request will be dismissed as moot.  For reasons
3  that follow, Petitioner's request that the probation report be lodged in the public record will be
4  granted in part and denied in part.

**DISCUSSION**

Generally, documents filed on the docket are presumed to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir. 2003). Documents may be sealed only when the compelling reasons for doing so outweigh the public's right of access. EEOC, 900 F.2d at 170.  In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

Here, Respondent seeks to file under seal the probation report prepared in Petitioner's underlying criminal matter.  This report is made confidential under California law (Cal. Pen Code § 1203.05) and contains personal identifiers which should not be subject to public view.  See Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975) ("[A] public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns."); Gabel v. C.I.R., 134 F.3d 377 (9th Cir. 1998) (Social security numbers are part of tax return information and are confidential.) Thus, the Court finds a compelling need for this document to remain confidential.

**ORDER**

Accordingly, Petitioner's request to lodge the Marsden hearing transcript is DISMISSED as moot.  Petitioner's request that the probation report be lodged is GRANTED IN PART and DENIED IN PART as follows:

1) Respondent is DIRECTED to lodge the confidential report and serve a copy of the report on Petitioner within twenty-one (21) days from the date of service of this order; but,

2) Because the report contains confidential material which should not be made available for public view, the Court ORDERS that the report be lodged under seal until further order of the Court.

IT IS SO ORDERED.

Dated: **July 26, 2022**                                  /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE