Case 1:22-cv-00590-ADA-SKO Document 25 Filed 02/15/23 Page 1 of 3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TABARRI TOWNSEND,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ROBERT NEUSCHMID,<br><br>　　　　Respondent. | No. 1:22-cv-00590-ADA-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF Nos. 1, 23)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner Tabarri Townsend is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 28, 2022, the Magistrate Judge issued findings and recommendations to deny the petition on its merits. (ECF No. 23.) Petitioner filed objections on January 2, 2023. (ECF No. 24.) Those objections consist mostly of assertions that the California Appellate Court ruling that addressed Petitioner's direct appeal was unreasonable and contrary to clearly established federal law.[1] (*See generally id.*) The Court agrees with the Magistrate Judge's

---

[1] Petitioner's first objection is the only one he makes with any particularity. In it, he argues that the Magistrate Judge failed to analyze *Manson v. Brathwaite*, 432 U.S. 98 (1977) in assessing the due process implications of the certainty factor in CALCRIM No. 315. (ECF No. 24 at 2.) While the Magistrate Judge did not cite to *Manson*, she did cite to

1

1  conclusion that this is not the case.  Respondent did not file a reply.

2  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a
3  de novo review of the case.  Having carefully reviewed the entire file, including Petitioner's
4  objections, the Court concludes that the Magistrate Judge's findings and recommendations are
5  supported by the record and proper analysis.

6  In addition, the Court declines to issue a certificate of appealability.  A state prisoner
7  seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of
8  his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537
9  U.S. 322, 335–36 (2003).  Upon denying a petition, the court may only issue a certificate of
10 appealability when a petitioner makes a substantial showing of the denial of a constitutional right.
11 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that
12 "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have
13 been resolved in a different manner or that the issues presented were 'adequate to deserve
14 encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting
15 *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

16 In the present case, the Court finds that Petitioner has not made the required substantial
17 showing of the denial of a constitutional right to justify the issuance of a certificate of
18 appealability.  Reasonable jurists would not find the court's determination that petitioner is not
19 entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to
20 proceed further.  Thus, the Court declines to issue a certificate of appealability.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

---

27 both *Neil v. Biggers*, 409 U.S. 188 (1972) – on which the *Manson* Court based its reasoning – and *Perry v. New Hampshire*, 565 U.S. 228 (2012) – which relied on both *Biggers* and *Manson*.  (ECF No. 23 at 18.)  The failure to
28 cite specifically to *Manson* was not error.

Accordingly,

1. The findings and recommendations issued on November 28, 2022, (ECF No. 23), are adopted in full;
2. The petition for writ of habeas corpus, (ECF No. 1), is denied with prejudice;
3. The Clerk of Court is directed to enter judgment and close the case; and
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   February 14, 2023

UNITED STATES DISTRICT JUDGE

3